**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLOYD D. SCOTT,

    Plaintiff,

vs.

G. LAUBER, MTA; WILLIS, MTA; ANNA MENDOZA, LVN; and WYSINGER, Correctional Officer,

    Defendants.

No. C 05-0111 PJH (PR)

**PARTIAL DISMISSAL AND ORDER OF SERVICE**

This is a pro se civil rights complaint under 42 U.S.C. § 1983 filed by a state prisoner. In the review order entered after the case was reopened, the court described plaintiff's claims thus:

> Plaintiff contends that he has asthma, so has a doctor's order that he be seen immediately if he suffers respiratory distress. In April of 2002 he suffered an attack, but when defendant Lauber, an MTA, was called, he told the correctional officer not to send plaintiff to the infirmary because it was "too late;" when called a half hour later, Lauber refused to see plaintiff because he was on lunch break. Plaintiff also contends that in October of 2003 Lauber refused to see plaintiff when he had a spike in blood pressure as a result of a new medication.
> Plaintiff alleges that defendant Willis, also an MTA, failed to come when plaintiff was suffering an asthma attack in July of 2002.
> Plaintiff alleges that defendant Mendoza, a nurse, refused him treatment in April of 2003 when he was having an asthma attack, saying that she was too busy.
> Plaintiff alleges that in January of 2004 defendant Wysinger, a correctional officer, refused to call the medical office when plaintiff informed her that he was having rectal bleeding, and that she later refused to contact the medical department to find out why plaintiff had not been transported for a colonoscopy.

The court noted that "plaintiff [was] attempting to bring in one action many unrelated claims against parties who are defendants on one claim but not on any others," and

ordered plaintiff to show cause why the claims should not be dismissed for misjoinder.  *See* Fed. R.Civ.P. 20(a).  Plaintiff also was ordered to say which defendant he wanted to remain in the case if the court should find misjoinder and dismiss some of the defendants.

In response, plaintiff contends that the claims are linked in that those against Lauber, Willis and Mendoza are about failure to respond to asthma attacks, and that against Wysinger involves a medical claim.  This is not sufficient.  *See Coughlin v. Rogers*, 130 F.3d 1348, (9th Cir. 1997) (general allegations are not sufficient to constitute similarity when the specifics are different).  Plaintiff says that if improper joinder is found, he wishes to proceed with the claim against Lauber.  That claim will be served; the others will be dismissed without prejudice.

**CONCLUSION**

1.  Plaintiff's claims against defendants Willis, Mendoza, and Wysinger are **DISMISSED** without prejudice.

2.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendant:  MTA G. Lauber.  Plaintiff states that Lauber can be found at Salinas Valley State Prison.

3.  In order to expedite the resolution of this case, the court orders as follows:

    a.  No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

    b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      c.  If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon them.

      d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  July  9 , 2007.

      PHYLLIS J. HAMILTON
      United States District Judge

G:\PRO-SE\PJH\CR.05\SCOTT111.SRV

3